IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| T. Terrell Bryan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 4:06-3358 |
| ) | |
| South Carolina Dept. Of Corrections, et. al., ) | |
| ) | **ORDER** |
| Defendants. ) | |

On September 13, 2007, this Court entered an Order accepting Magistrate Judge Thomas E. Rogers, III's, Report and Recommendation, which granted the defendants' motions for summary judgment. (Doc. # 56). On September 14, 2007, the plaintiff filed a Motion for Reconsideration. (Doc. # 62). On January 28, 2008 the plaintiff filed a notice of appeal regarding the Order granting Summary Judgment. (Doc # 72). On May 1, 2008, the Fourth Circuit dismissed the appeal for lack of jurisdiction because the notice of appeal was not timely filed. (Doc. # 77). The plaintiff filed another Motion for Reconsideration on May 29, 2008. (Doc # 78). This Court dismissed both Motions for Reconsideration on August 25, 2008. (Doc. # 82). Now before the Court is the plaintiff's Motion to Vacate the Judgment entered on September 13, 2007 granting Summary Judgment in favor of the defendants, which the plaintiff filed on June 5, 2009. (Doc. # 86).

The plaintiff has argued for relief pursuant to Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) provides in part that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial

under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Fed.R.Civ.P. 60(b).

Rule 60(c) states, "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Rule 60(b) provides an extraordinary remedy that can be invoked only upon a showing of exceptional circumstances. See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535, 538 (4th Cir. 1991) (quoting Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979)).

Based upon the undersigned's review of this case, the undersigned concludes that the plaintiff has not met his burden of showing exceptional circumstances warranting the relief pursuant to Federal Rule of Civil Procedure 60. In addition this Court holds that the motion was untimely filed under Rule 60(c). Therefore, the plaintiff's Motion to Vacate is hereby **DENIED**. (Doc. # 86).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

December 16, 2009
Florence, South Carolina

2